**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00563-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BROOKS L. KELLOGG,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO AMEND THE MAGISTRATE
JUDGE'S ORDER DENYING PRETRIAL RELEASE**
_____

This matter is before the Court on Defendant's Motion to Amend the Magistrate's Order Denying Pretrial Release (Doc. # 28). For the following reasons, the Court denies the motion.

## I.  BACKGROUND

Defendant is charged with committing two crimes: (1) use of interstate commerce facilities and mails in the commission of murder-for-hire in violation of 18 U.S.C. § 1958; and (2) solicitation to commit a crime of violence in violation of 18 U.S.C. § 373. (Doc. # 22.)

On November 1, 2010, Magistrate Judge Mix held a detention hearing at which she ordered Defendant detained pending his trial. (Doc. ## 16-18.) Defendant now challenges that ruling.

## II. STANDARD OF REVIEW

The Court's review of the Magistrate Judge's order of detention is *de novo*. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Under this standard of review, the Court must judge the issues anew, but in so doing, the Court may utilize the factual and evidentiary record developed during the detention hearing before Magistrate Judge Mix. The Court, however, must reach its own findings of fact and conclusions of law. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (finding that on *de novo* review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *id.* § 3142(b), (c). The government has the burden of proof. It must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616 (citations omitted).

## III. DISCUSSION

Defendant was originally charged by Complaint and Information, however, on November 3, 2010, the Grand Jury handed down an indictment[1] charging both Use of

---

[1] The filing of an indictment constitutes probable cause to believe the Defendant committed the crimes with which he is charged.

Interstate Commerce Facilities in the Commission of a Murder-for-Hire in violation of 18 U.S.C. § 1958 and Solicitation to Commit a Crime of Violence in violation of 18 U.S.C. § 373.  Because the solicitation offense involved the exchange of money, the advisory guideline range before a reduction in Offense Level for acceptance of responsibility is 210-262 months imprisonment.  Although the charges are serious offenses, both are presumptively bailable offenses pursuant to 18 U.S.C. § 3142.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person including –
>
>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant asserts that the Court should grant him pretrial release subject to certain restrictions that he contends will reasonably assure the safety of the community and his appearance over the course of these criminal proceedings. In so arguing, Defendant ignores three of the factors set forth in 18 U.S.C. § 3142(g) and, instead, focuses his entire argument on his history and characteristics.

The Court has conducted the requisite *de novo* review of this matter. It finds that, on balance, the factors weigh in favor of continued detention.

First, the Court accepts Defendant's description of his history, residence, family background, family ties, employment history, financial resources, criminal record, length of residence in the community, community ties, and health, as set forth in his motion.

At the combined detention and preliminary hearing held on November 12, 2010, the Defendant was represented by privately retained counsel. The Government presented the following testimony of Special Agent Kenneth Jackson of the FBI. Special Agent Jackson testified that he met with one Ms. Blackmore who indicated that she was the Defendant's mistress. Ms. Blackmore had contacted law enforcement authorities to advise them that Defendant had sought her help in finding someone to kill a creditor. The creditor had filed several law suits against Defendant, and had obtained and was attempting to collect a $2.5 million judgment against Defendant. Although Ms. Blackmore has a criminal history and credibility issues, it is the Defendant's own actions during the month of October 2010 that provide the most weighty evidence against him. Following further investigation of the matter, an undercover agent made

telephone contact with the Defendant.  Defendant was led to believe that the undercover agent was the "hit man" Ms. Blackmore had located for Defendant, at Defendant's request.  Defendant agreed to meet the undercover agent at Denver International Airport ("DIA") on October 19, 2010.  On October 19, 2010, Defendant flew from Chicago, Illinois to Minneapolis, Minnesota and then on to Denver, Colorado.  Upon arrival at DIA, Defendant was informed that he should meet the undercover agent at Concourse A.  The meeting between Defendant and the undercover agent was monitored by other agents via a transmitter hidden on the undercover agent.  Defendant paid the undercover agent $2,000 in U.S. currency and the Defendant confirmed to the undercover agent, via a photograph, the identity of the person who was to be killed.  When the undercover agent asked Defendant if he wanted this person "dead," Defendant responded, "Yeah."  During the course of the conversation, Defendant never wavered from or made any conditional statements regarding his instruction to the undercover agent that the male Defendant identified should be killed.

Thus, the first two factors of 18 U.S.C. § 3142(g) – the nature and circumstances of the offense charged and the weight of the evidence against the Defendant – *i.e.*, Defendant's own statements and conduct, weigh heavily in favor of continued detention.

On first blush, the third factor – the history and characteristics of the Defendant – appear to weigh in favor of release, subject to the conditions recommended by Defendant.  However, these characteristics also provide Defendant with the ways, means, and motives to eschew prosecution and possible incarceration in a federal

penitentiary. At his age of 72, any significant sentence to imprisonment would effectively eviscerate the remaining years of his life and might very well be tantamount to a life sentence, *i.e.*, a death sentence for the Defendant. Given his age, the weight of the evidence, and the possible sentence of imprisonment, Defendant has significant reasons to abscond. Accordingly, given the opposing aspects of this factor, the Court accords it no special weight, *i.e.*, it is neutral.

The fourth factor – the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release – weighs in favor of pre-trial release. On the one hand, Ms. Blackmore, Mr. Kellogg's mistress and the informant in this case, has indicated that she fears for her safety and that of her family because of her betrayal of Mr. Kellogg. On the other hand, however, she has some credibility issues. Moreover, this factor contemplates a heavy burden of proof – by clear and convincing evidence. *Cisneros*, 328 F.3d at 616 (citations omitted). The standard is not met in this case. Thus, this factor weighs in favor of pre-trial release.

On balance, however, the Court finds these factors weigh in favor of continued pre-trial detention.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required. THEREFORE, IT IS ORDERED as follows:

1. That Defendant's Motion To Reconsider Magistrate's Order of Detention (Doc. # 28), filed November 15, 2010, is DENIED;

2. The Court approves, adopts, and incorporates into this Order, the Magistrate Judge's Order of Detention (Doc. # 18), entered November 1, 2010. Thus, **continued detention is warranted**.

3. In light of this ruling, Defendant's Renewed Motion to Amend (Doc. # 43) and Motion for Forthwith Hearing (Doc. # 45) are DENIED AS MOOT.

DATED: January   26  , 2011

                BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge